**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | : Criminal No. 13-CR-305-07 |
| | : |
| | : |
| **V.** | : |
| | : |
| | : |
| | : |
| | : |
| **MIKE JOHNSON** | : |

**MOTION FOR DE NOVO REVIEW OF DETENTION ORDER**

Defendant Mike Johnson, through undersigned counsel, and pursuant to 18 U.S.C. 3145(b), moves this Court for De Novo Review of the Order of Pretrial Detention by Magistrate Judge Kaye in this case on November 25, 2013, and to set conditions of pretrial release. In support, the defendant states the following.

1. The defendant does not have a criminal record.

2. The defendant has a four year old daughter who lives with him and his fiancee, Karen Johnson, and for whom he is the sole support.

3. The defendant is gainfully employed as a union sheet metal worker at ABJ Sheet metal Inc. for ten years as a journey man.

4. It is believed the detention of the defendant is based not on any of the personal characteristics of the

defendant above, all of which were verified by pretrial services. Instead, the defendant contends the detention was based soley on the government's proffer as to the evidence seized in this case from a search of the defendant's home and an earlier stop and seizure that occurred prior to his indictment in this case. There was no showing at the detention hearing that the defendant was a risk of flight.

5. Turning to the seizure in this case, at the time of the defendant's arrest, his home was searched and recovered from that search were a small amount of marijuana and fourteen firearms. Defendant owned three of these weapons, which were, according to the defendant, all registered in his name in the State of Maryland. All weapons were legally pourchased. Nine to ten firearms also recovered belonged to an attorney, Mr. Ken Anderson, and were registered in his name, according to that attorney, who was present in court and whose testimony was proffered to the court. Mr. Anderson states he stored the firearms at the defendant's home because the defendant had a gun safe and Mr. Johnson's home recently had a fire. Mr. Anderson is a close friend of the defendant and family. The other handgun, based on

      counsel's recollection,is believed to be owned by Mr. Johnson's fiancee. and was also registered in Maryland. The search and recovery of the weapons were in the State of Maryland and because the defendant is not a convicted felon or a prohibited person is allowed to have as many weapons in his possession. At the Detention hearing, the government failed to indicate that there was any wiretap or other information that these weapons seized during the search were to be used in any transaction or were used in any unlawful activity.

6.    The stop and seizure, also mentioned in support of the government's request for detention, is that prior to the indictment, Mr. Johnson was overheard in a wiretap recording arranging for the purchase of a small amount of heroin and upon conclusion of the transaction, Mr. Johnson was stopped in his vehicle after there was an observation that a hand to hand transaction had taken place. A search of the trunk of the vehicle revealed a loaded firearm.  The government did not proffer that they observed Mr. Johnson use the firearm in the transaction, that he was seen to brandish that firearm at anytime, or proffered any recorded conversation that he mentioned carrying any firearm. It should be noted that neithernthe

     indictment nor the government's proffer indicated any violence in this case nor the use of any weapon by anyone to complete a drug transaction, let alone the defendant.

7. When the search took place, the defendant was not present. Police called him and asked where he was located and the defendant advised him that he was at work. He remained at work until the police came and picked him up.

8. The defendant contends that his involvement in this case is as a minor low level heroin buyer and user. He is not alleged to have been involved in any large scale drug transactions and the government's proffer gave an estimate of the defendant's responsibility for approximately 250 grams.

9. The defendant contends that the Court can fashion conditions for his release in this case including drug testing and program placement together with the High Intensity Supervision Program, which has a number of requirements including electronic monitoring and a curfew.

    For the foregoing reasons, the defenant requests his release.

Respectfully submitted,

_____/s/_____
John Carney (Bar No. 241-745)
Carney & Carney
601 Pennsylvania Ave., N.W.
Suite 900, South Building
Washington, D.C. 20004
(202)434-8234
Fax:(703)323-9760
email:VetaJohn@msn.com

**Certificate of Service**

   I hereby certify that a copy of the foregoing has been served on interested parties pursuant to ECF filing this 10th day of December, 2013.


_____/s/_____