UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** : | **CRIMINAL NO.: 13-305-19 (ESH)** |
| v. : | |
| **ROXANNE MATHEWS-BAKER,** : | |
| **Defendant** : | |

## PROFFER OF EVIDENCE

### I. THE ELEMENTS OF THE OFFENSE

The essential elements of the offense of Possession of Heroin, in violation of 21 United States Code, § 844(a), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1. That the defendant possessed a detectable amount of a controlled substance, and

2. The defendant did so voluntarily and on purpose, not by mistake or accident.

The law makes heroin a controlled substance.

### II. FACTUAL BASIS

If this case were to go to trial, the government's evidence would establish beyond a reasonable doubt that:

The government's evidence would show that in February of 2013, an investigation was initiated by the Federal Bureau of Investigation (hereinafter "FBI") Safe Streets Task force into the activities of a narcotics organization led by co-defendant Juan Floyd, that was based in Maryland and the Washington, D.C. metropolitan area. The investigation determined that multiple individuals assisted co-defendant Juan Floyd, who was being supplied with illegal

1

narcotics by co-defendant Armando Gamez in Texas. Co-defendant Juan Floyd distributed and sold the illegal narcotics he received from co-defendant Gamez in the Washington, D.C. area. During the course of the investigation, the FBI applied for and obtained court authorization to conduct wire and electronic surveillance on cellular telephones being used by Juan Floyd.

Defendant Roxanne Mathews-Baker was one of co-defendant Juan Floyd's buyers and was intercepted on two of co-defendant Juan Floyd's cellular telephones from approximately April 16, 2013, through September 30, 2013. There were approximately 82 pertinent interceptions. During that time period, defendant Mathews-Baker spoke with co-defendant Juan Floyd or communicated by text messages in coded language to request heroin from co-defendant Juan Floyd. Approximately 17 narcotics transactions can be associated between the defendant and co-defendant Juan Floyd, where the defendant purchased on average between one and two grams of heroin. Thus, defendant Mathews-Baker purchased and received between approximately 17 grams and 34 grams of heroin from co-defendant Juan Floyd. Defendant Mathews-Baker met with co-defendant Juan Floyd primarily in the District of Columbia to purchase and receive the heroin.

On November 20, 2013, defendant Mathews-Baker was arrested. Defendant Mathews-Baker knowingly and voluntarily possessed the heroin on purpose that she received from co-defendant Juan Floyd, and it was not by mistake, accident, or inadvertence.

Limited Nature of Proffer

This proffer of evidence is not intended to constitute a complete statement of all facts known by the defendant or the government but is a minimum statement of facts intended to

provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty.

Respectfully submitted,

RONALD MACHEN JR.
United States Attorney
D.C. Bar No. 447-889

*/s/ Karla-Dee Clark*
Karla-Dee Clark, D.C. Bar No. 435-782
Todd Gee, D.C. Bar No. 495-001
Assistant United States Attorneys
555 4th Street, N.W., 4th Floor
Washington, DC 20530
(202) 252-7740 (Clark); (202) 252-7224 (Gee)
Karla-dee.clark@usdoj.gov
Todd.Gee@usdoj.gov

DEFENDANT'S ACKNOWLEDGMENT

I have read this Proffer of Evidence and have discussed it with my attorney, Stephen Brennwald, Esquire. I fully understand this Proffer of Evidence. I agree and acknowledge by my signature that this Proffer of Evidence is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 4-29-14

Roxanne Mathews-Baker
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read this Proffer of Evidence and have reviewed it with my client. I concur in my client's desire to adopt this Proffer of Evidence as true and accurate.

Date: 4/23/14

~~Roxanne Mathews-Baker,~~ Esquire
Attorney for the Defendant
Stephen F Brennwald

4