UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    Plaintiff,

VS.                                    CASE NO. 13-CR-305 (EGS)

ROXANNE MATHEWS-BAKER

    Defendant.

_____/

**FILED**

**OCT 2 5 2014**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MOTION FOR RECUSAL

NOW COMES, the defendant proceeding within her own pro se manner, respectfully moves this Honorable Court, to request that judge Emmet G. Sullivan will voluntarily recuse himself from this case and another judge should be reassign to this case for the following reason:

(1). That judge Sullivan has acted bias towards Mrs. Baker in his courtroom and he had appointed an "OATH BOUND LAWYER" to defend Mrs. Baker in this criminal case, in which Mrs. Baker no longer desire to have Mrs. Shaner for her defense lawyer.

(2). Judge Sullivan, defense attorney Heather Shaner and U.S. Assistant Attorney Karla-Dee Clark had conspired-jointly to deprived Mrs. Baker a right to a fair and impartial trial and they had insisted on forcing Mrs. Baker to entered further into a guilty plea, beyond the protection of her Miranda

-1-

**RECEIVED**

OCT 2 3 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Right 4 Points requirement and her 5th Amendment Right protection, <u>not to "SELF-INCRIMINATE"</u> <u>herself in the courtroom</u>.

(3). Judge Sullivan, Karla-Dee Clark and a magistrate judge had use the Bail Reform Act as a sole Detention hearing and a Revocation Hearing to "KIDNAPPED" Mrs. Baker's husband behind bars, without him being a probationary offender in this case, in violation of his 8th Amendment Right.

(4). Judge Sullivan is the presiding judge in this case and appearing to act as an "UNFIT JUDGE." He have full knowledge to know that "Mrs. Baker and Mr. Baker's indictment process was adjudicated by 23 private citizens that was <u>not license to practice law within the District of Columbia, neither</u> <u>grand Jurors was not active bar members of this Court and the prosecutors had allowed them to</u> <u>impersonated themselves to be a judge, in violation of the D.C. Code Section 22-1404 and Title 18</u> <u>U.S.C. Section 912</u>.

(5). Judge Sullivan is wise and intelligent to know that, if Mrs. Baker and Mr. Baker would had proceed before a selected Jury Panel, their trial lawyers would had to <u>stipulated to an unfair trial</u>, by the Court allowing "12 NON-JUDICIAL OFFICERS" to make a final fact-finding on their guilty verdict or innocence, in which the 12 jurors <u>would had engage into an unauthorized practice of law, within</u> <u>the District of Columbia and Mrs. Baker would had been expose to a "SHAM PROSECUTION."</u>

(6). Judge Sullivan is aware of the government's entire case-in-chief, that Mrs. Baker did not play a role in this conspiracy case at all and her misconduct appear to be an alleged "BUY AND SALE RELATIONSHIP," as well as her arrest came about by way of an <u>illegal search warrant of her home</u> and a police "FISHING EXPEDITION" plot, whereas her 4th Amendment Right was violated. Her lawyer had <u>refused</u> to file a Motion To Suppress Evidence on the behalf of the defendant.

(7). Judge Sullivan's bias behavior at Mrs. Baker's last court hearing, resulted to her having to keep an <u>incompetent</u> lawyer, that was in agreement with the Court <u>forcing</u> her into an "IMPATIENT DRUG TREATMENT PROGRAM", instead of attorney Heather Shaner filing a Motion To Withdraw Mrs. Baker's guilty plea, Motion To Suppress Evidence and a Motion To Dismiss Indictment.

(8). Judge Sullivan, Karla-Dee Clark, attorney Heather Shaner and Mr. Baker's defense attorney (Joanne D. Slaight) are all in concert and agreement to keep the Baker's family $ 80,000 dollars that was <u>illegally seized from their home personal safe</u> and <u>the money was never proven to be drug money</u>, because they was charged with "POSSESSION WITH INTENT TO DISTRIBUTE," in which does sustain that "there was no drug transaction ever proven by the prosecutor.

(9). Judge Sullivan and judge E. Huvelle is responsible for having Mr. Baker's case to be severage, because Mr. Baker was <u>coerced</u> at the police station to "SELF-INCRIMATED" himself without a lawyer being presence and none of his defense lawyers ever filed a Motion To Suppress His Statement, before a guilty plea was ever <u>negotiated</u> in this case and Mr. Baker's attendance at work, <u>clearly shows that he was never involve in this conspiracy case</u>.

(10). Judge Sullivan has engaged into a <u>miscarriage of justice with the Government</u> and a "FRAUD UPON THE COURT." His impartiality is about to be question by the public, a letter that is being mailed to President Barack Obama, a complaint to be submitted to the Judicial committee, a Law Suit being file with this Court for a judicial misconduct and court officials gross misconduct to "WAR AGAINST THE CONSTITUTION." See <u>Cooper</u> v. <u>Aaron</u>, 358 U.S. 1.

(11). Judge Sullivan seeks to use the Bail Reform Act as a punishment against Mrs. Baker, to have her detained behind bars, for her refusal to attend a Drug Treatment Program, when he knows

— 3 —

that Mrs. Baker is not a probationary offender in this case and her freedom cannot be revoke for a non-criminal offense. There has yet to be a "JUDICIAL VERDICT" handed down by a <u>competent</u> jury panel and the laws spell out to a judge, that "a citizen <u>shall</u> not be detained or imprisoned under the custody of the U.S. Attorney General, unless the government proved that he or she had violated an Act of Congress." See Title 18 U.S.C. Section 4001 (a).

(12). Here is a case where judge Sullivan had gave instruction to Mr. Milton J. Taylor not to practice law without a license in this case and do Mr. Taylor understand what that means? On the contrary, judge Sullivan did not apply the above standard of law to the Grand Jury that had indicted Mrs. Baker and Mr. Baker. Judge Sullivan had made a <u>partial and bias decision against Mrs. Baker</u>, from receiving <u>legal assistance from a known "JAILHOUSE LAWYER</u>," despite of the Supreme Court's Justice Judges set precedence, in which the Justice Judges had granted sole <u>permission</u> to "JAILHOUSE LAWYERS" <u>to assist inmates in preparing and filing motions/writs on the behalf of indigent prisoners</u>. See <u>Johnson</u> v. <u>Avery</u>, 391 U.S. 483 (1969).

(13). It is clear on the record that "judge Sullivan had <u>interfere with the due administration of justice</u>, In violation of Title 18 U.S.C. Section 1503 and 1507, when he had deprived Mrs. Baker the right to have her <u>pro se</u> motions entertained by this Court and she was <u>satisfied</u> with the extraordinary claims that Mr. Milton Joseph Taylor had raise on her behalf. Judge Sullivan had <u>denied Mrs. Baker access to the court</u> and his <u>bias</u> behavior towards Mrs. Baker calls for him to <u>recuse</u> himself from this case. The record is also clear that "attorney Shaner had made no attempt to further raise any claims from Mrs. Baker's filed motions, that was <u>arbitrarily</u> denied by judge Sullivan. This above true fact clearly shows that judge Sullivan and attorney Shaner have a <u>private friendship</u>, that has resulted to a "CONFLICT OF INTEREST" and judge Sullivan <u>does not want to remove Mrs. Shaner from this case as requested to do so by Mrs. Baker, in the first instance</u>.

(14). Judge Sullivan must be mindful and take a <u>personal inventory of himself before remaining on this case</u>. He must understand that his previously behavior towards Mrs. Baker and her husband, play apart of his "UN-CLEAN HANDS" and <u>disregards for Mrs. Baker's protective constitutional rights,</u> whereas the Supreme Court Justice Judges have power to <u>remove an unfit judge from the trial bench, that violates the integrity of the law</u>. See <u>Chandler</u> v. <u>Judicial Council of Tenth Circuit</u>, 398 U.S. 78 (1970). The gravamen of Mrs. Baker's complaint against judge Sullivan, is that, she had plead guilty <u>being under the influence of illegal drugs</u>, in violation of the Criminal Procedure Rule No. 11 The judge the prosecutor and her trial lawyer all have <u>known that "she was an addict," before accepting her coerced guilty plea</u>. Judge Sullivan has <u>picket and boy cott her rights to withdraw her guilty plea in his</u> courtroom, in violation of Title 18 U.S.C. Section 1503 and 1507.

(15). Judge Sullivan should take judicial notice in this case, that the Government cannot act as a "THIRD PARTY" for the United States of America in this case, because Mrs. Baker and Mr. Baker has cause "NO INJURY" to the United States of America and judge Sullivan <u>lacks Article III standing to allow the U.S. Attorney Office to prosecute this case any further</u>, when the United States of America <u>is not a person</u>, to proclaim an injury-in-fact in this case and the government <u>has suffered no injury in fact, assist not their own legal right, but the right of a third party</u>. See <u>Warth</u> v. <u>Seldin</u>, 422 U.S. 490 (1995). Constitutional <u>standing</u> requires a plaintiff to 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." <u>Allen</u> v. <u>Wright</u>, 468 U.S. 737, 751 (1984). The United States of America was the plaintiff named on the Mrs. Baker's indictment and the defendant was deprived the opportunity to face her accuser in this case. See <u>United States</u> v. <u>Raines</u>, 362 U.S. at 22-23 (citing Cox v. Iowa, 487 U.S.1012 (1988). A reasonable person or juris will <u>question judge Sullivan's impartiality</u> and ask why he will allow the prosecutors to seized a civil forfeiture of Mrs. Baker's $ 80,000 in cash , <u>that is not own by the U.S. Attorney Office</u>, in violation of her 5th Amendment Right and Crim. P. Rule No. 41. See <u>Ex parte</u> Lange, supreme court cite.

## STANDARD FOR REVIEW

**APPELLATE RULE NO. 49.** Unauthorized Practice of Law.

(a) General Rule. No person shall engage in the practice of law in the District of Columbia or in an manner hold out as authorized or competent to practice law in the District of Columbia unless <u>enrolled as an active member of the District of Columbia Bar</u>, except as otherwise <u>permitted by these Rules.</u>

(4) Hold out as authorized or competent to practice law in the District of Columbia means to indicate in any manner to any other person that one is competent, authorized, or available to practice law from an office or location in the District of Columbia. Among the characterizations which give such an indication are "Esquire", "Lawyer", "attorney at law", "counselor at law", "contact lawyer," "trial or legal advocate," "legal representative," and 'judge." See Appellate Rule No. 49 (4) for the D.C. Court of Appeals.

**TITLE 18 U.S.C. SECTION 912:**

" Whoever <u>falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officers</u> thereof, and acts as such, or in such <u>pretended character</u> demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than <u>three years</u>, or both." See also, D.C. Code Section 22-1404.

## ARGUMENT AND CITATION OF LAWS

Canon Code Number 3 of the Professional Responsibility of the American Bar Association adopted by the Court, place upon all members of the Bar a responsibility to <u>assist in preventing the unauthorized practice of law within the District of Columbia</u>. Judge Sullivan, defense lawyer and the prosecutors had an assigned Canon Code obligation in this case, to <u>report</u> the Grand Jury members <u>unauthorized practice of law to the Judiciary Committee</u>, but they all had <u>co-signed</u> the grand Jurors <u>bad practice and had approved the grand jurors to carried out a crime for impersonating to be magistrate judges</u> in this case, in violation of Title 18 U.S.C. Section 912. A reasonable juris or News Reporter will <u>question judge Sullivan's impartiality and integrity of the law</u>, why private citizens are vested with "JUDICIAL POWER" to conduct an Evidentiary Hearing for this Court and court officials have full knowledge to know that " grand jury members and jury members <u>cannot practice law within the District of Columbia</u> ? " See <u>In re Burton</u>, 614 A. 2d 46, 49 (D.C. Court of Appeals).

Judge Sullivan have an educational background to know that "President Barack Obama" is invested with the sole power to "APPOINT COMPETENT JUDGES TO SIT ON THE TRIAL BENCH" , pursuant to the Article II Clause and judge Sullivan knows the major fact, that the President of the United States shall make sure the 'LAW BE FAITHFULLY EXECUTED." See <u>U.S. ex rel, Schweizer</u> v. <u>O CEN.V</u>, 677 F. 3d 1229 (2012). Title 28 U.S.C. Section 453 is a command statute that compel judge Sullivan to <u>respect and to honor</u> his <u>sworn oath</u> and to "UPHOLD THE LAW IN GOOD FAITH," in which he had <u>neglected to do so</u>. Judge Sullivan's major concerns in this case, is too, have accepted the defendant's <u>involuntarily guilty plea</u> and seeks to <u>deprived the defendant a right to a fair and impartial trial</u>, in violation of her 6th Amendment Right. Judge Sullivan's misconduct and behavior, clearly had amounted to a crime of "OBSTRUCTION OF JUSTICE" and a violation of the defendant's "SPEEDY TRIAL RIGHT," that had passed the 70 days time limitation period for trying

the defendant case, <u>without unreasonable delay</u>, in violation of Title 18 U.S.C. Section 3161. See <u>Barker</u> v. <u>Wingo</u>, supreme court cite; see also, <u>Cameron</u> v. <u>Johnson</u>, 20 L. Ed. 2d 182.

Judge Sullivan , Karle-Dee Clark and attorney Heather Shaner are very intelligent to know that Mrs. Baker and Mr. Baker's self-confession is not "PHYSICAL EVIDENCE FOUND AT THE CRIME SCENE" and their self-confession <u>cannot be used as probative evidence or a verdict for the Court to obtained an unlawful conviction</u>, when the 5th Amendment Right protection states that "No person shall be a witness against himself or herself" in the courtroom," in which makes the acceptance of a guilty plea <u>to be unconstitutional</u>.   See <u>U.S.</u> v. <u>Bernett</u>, 495 F. 2d 943, 965-66 (D.C. Cir. 1974) (citing Colorado v. Connally, 479 U.S. 157 (1966); see <u>Brown</u> v. <u>Mississippi</u>, 297 U.S. 278 (1936); see also <u>Maryland</u> v. <u>Shatzner</u>, 130 S. Ct. 1213 (2010) (break in chain of custody). The use of a <u>confession</u> thus obtained as the basis for conviction and sentence was a clear denial of due process <u>rendered it void</u>.  See <u>Moore</u> v. <u>Dempsey</u>, 261 U.S. 86, 91.  There is <u>no implicit waivers for deliberately elicited statement</u>.  See <u>Michigan</u> v. <u>Harvey</u>, 494 U.S. 344, 368 (1980). Judge Sullivan and Karle-Dee Clark brief on the unconstitutionality of Rule No. 11 argument in Mrs. Baker's Motion To Withdraw Her Guilty Plea and judge Sullivan <u>did not compel attorney Shaner to re-file Mrs. Baker's motion</u>.  The extraordinary claim had stated that "Miranda was a constitutional decision that <u>cannot be over-ruled by an Act of Congress</u>." Citing <u>Dickerson</u> v. <u>United States</u>, 530 U.S.428.  Judge Sullivan had taken a <u>bias approach not to vacate Mrs. Baker and Mr. Baker's unlawful guilty plea</u>, in violation of his Canon Code obligation.  Judge Sullivan was <u>guilty for wage war against Mrs. Baker's and Mr. Baker's constitutional rights to be protected in his courtroom and his prejudicial behavior had resulted to an "ACT OF TREASON" against the federal Constitution</u>, in violation of Title 18 U.S.C. Section 371.  It is, of course, a tautology that <u>federal officials cannot have discretion to behaved unconstitutionally</u>. See <u>Myers</u> v. <u>Myers</u>, 527 F. 2d 1252, 1261 (2nd Cir. 1975).

"No judicial, executive or legislative officer can war against the Constitution, without violating their sworn oath to support the Constitution. See Cooper v. Aaron, 358 U.S. 1. Any laws, rules or regulations that are "REPUGNANT TO THE CONSTITUTION," shall be declare unconstitutional and void by judge Sullivan. See Marbury v. Madison, 5 U.S. (1 Cranch) 137. The word "SHALL" written in the 5th Amendment Clause, is a "COMMAND WORD FOR JUDGES TO OBEY AND TO UPHOLD THE LAW IN GOOD FAITH," and judge Sullivan had no discretion to rule contrary to the word shall. See Escoe v. Zerbst, 295 U.S. 490; see also, Holy Bible Deuteronomy Chapter No. 4 verse 2 (" You shall Not add to the word which I command you, nor take away from it, that you make keep the commandments of the Lord."

When a judge acts intentionally and knowingly to deprive a person of his constitutional rights, he exercise no discretion or individual judgment, he acts no longer as a judge, but as a "minister of his own prejudice. See Pierson v. Ray, 386 U.S. 547, 568. State courts, equally with federal courts, are under an obligation to guard and enforce every right secure by the Constitution. See Mooney v. Holohan, 294 U.S. 103, 55 S. Ct. 340. The defendant have physical evidence and a signed judge's Jury Waiver Form, to show the public that judge Sullivan and judge E. Huvelle has used their court-room, to "WAGE WAR AGAINST THE CONSTUTION" and they had committed a criminal act for depriving Mr. Baker and Mr. Baker of a jury trial, in violation of their 6th Amendment Right. Mrs. Baker contends that "she will file a law suit against judge Sullivan and Karle-Dee Clark," to exposed their grand conspiracy hidden inside of the courtroom.

Canon Code No 1: A judge should uphold the integrity and independence of the judiciary. Canon Code No. 2 : A judge should avoid impropriety and the appearance of impropriety in all activities. Canon Code No. 2 (A); Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and

impartiality of the judiciary. Canon Code No. 3: A judge should perform the duties of the office fairly, impartially and diligently. The duties of judicial office take precedence over all other activities. In performing the duties prescribed by law, the judge should adhere to the following standards: ( A ) Adjudicative Responsibilities. (1) A judge should be faithful to, and maintain professional competence in, the law, and should not be swayed by partisan interests, public, clamor, or fear of criticism. The Canon Codes of Professional Ethics must be enforce by the courts and must be respected by members of the Bar, if they are to maintain public confidence in the integrity and impartiality of the administration of justice. In re Meeker, 76 N.M. 354, 414 P. 2d. 862.

Judge Sullivan had intentionally violated his Canon Code No. 1, 2 and 3 obligations, because he knew that "the Government had a legal obligation to afforded Mrs. Baker and Mr. Baker a right to a trial by a competent jury panel, before any plea negotiation was ever carried out by this Court, when the burden was on the Government to find Mrs. Baker "GUILTY BEYOND A REASONABLE DOUBT" and not the admission of Mrs. Baker's self-confession."

A judge must disqualify himself when he believe that his impartiality will be question and when the judge had acted bias towards the defendant, pursuant to Title 28 U.S.C. Section 455. A reasonable person will recognize and observe judge Sullivan's impartiality, due to his disregard for the Constitution, his gross misconduct and his poor behavior towards "JAILHOUSE LAWYERS" trying to help an indigent person and an un-skilled defendant like Mrs. Baker. Judge Sullivan had sworn under oath that "he will administer justice with respect to persons and to do equal right to poor and to rich, faithfully discharging all duties agreeably to the Constitution and Laws of United States, but failed to do so in this case, in which is a violation of his "OATH OF OFFICE." See Laird v. Tatun, 409 U.S. 824 (1972); see Offutt v. United States, 398 U.S. 11.

A judge shall disqualify himself "in any proceeding in which his <u>impartiality might reasonably be questioned</u>." 28 U.S.C. Section 455 (a). In addition, a judge shall disqualify herself "where he or she has a <u>personal bias or prejudice concerning a party</u>." 28 U.S.C. Section 455 (b) (1). The standard for disqualification under Section 455 is an objective one. The question is whether a reasonable and <u>informed observer would question the judge's impartiality</u>. See <u>In re Brooks</u>, 383 F. 3d 1036, 1043 (D.C. Cir. 2004); <u>United States</u> v. <u>Microsoft Corp.</u>, 253 F. 3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam). A judge's legal decisions are almost never grounds for a claim of bias or impartiality. See <u>Liteky</u> v. <u>United States</u>, 510 U.S. 540, 555 (1994). Recusal is necessary when the presiding judge have a <u>personal outcome and interest in this case</u>, when he seeks to <u>lock-up</u> Mrs. Baker for a <u>positive drug test</u>, in which results to a <u>non-criminal offense</u>, in violation of Title 18 U.S.C. Section 4001 (a), as well as Mr. Baker is being <u>unlawfully detained behind bars due to his own self-confession</u> and a <u>prejudicial indictment</u> that shows his <u>bad character</u>, in violation the federal Rules of Evidence 403, because he has been charged with an <u>unconstitutional</u> criminal statute Title 18 U.S.C. Section 922 (g) (1) (Felon In Possession of a Firearm), in which the D.C. Circuit has already <u>reverse</u> a defendant's conviction and the introduction of a defendant's prior conviction, infringe upon the "REA JUDICATA" doctrine and an "IMPROPER CHANGE OF VENUE." See <u>Chauncey Coleman</u> v. <u>United States</u>, 552 F. 3d _____ (D.C. Cir. 2009); see <u>U.S.</u> v. <u>Daniel</u>, 770 F. 2d 1111, 1116 (D.C. Circuit) (defective indictment); see also, <u>U.S.</u> v. <u>Tatum</u>, 943 F. 2d 370 (4th Circuit) (rea judicata claim violation and conflict of interest). Prior convictions <u>are not physical evidence found at a crime scene and prior convictions cannot be use as another form of a revocation punishment or vindictive punishment in a federal court proceeding</u>, because it clearly violates the "DOUBLE JEOPARDY" clause. See <u>U.S.</u> v. <u>Ragins</u>, 840 F. 2d 1184 (4th Circuit) (running the gauntlet twice for the same offense, when a state prior charge has been closed). See <u>Milton Joseph Taylor</u> v. <u>U.S. Marshal Service, et al</u>, Civil Action No. 06-1545 (decided by judge Emmet G. Sullivan). Now we know why judge Sullivan has a person bias towards Mr. Baker, because

of his previous dealing with Mr. Milton Taylor in the past.  See Milton Taylor v. U.S. Probation Office, Et al., 409 F.3d 426 (D.C. Cir. 2005); see also, Milton J. Taylor v. Eleanor Holmes-Norton, Civil Case No. 05-1634 (EGS), 2006 WL 1071517 (D.D.C. Apr. 21, 2006).  Judge Sullivan have a routine practice to suspend a person's Writ of Habeas Corpus, Law Suit and Pretrial Motions on purpose and his blatant "OBSTRUCTION OF JUSTICE" crimes has yet to reveal to the public.

Mrs. Baker can decline to have her case decided by a judge that has shown a vindictive and bias behavior towards her.  See In re Murchison, 349 U.S. 153 (1955).  Judge Sullivan have the sole discretion to recuse himself from this case, and continue not to be "REBELLIOUS" or he should learn to have a change of heart, because the "NEEDLE POINTS BOTH WAYS !"

The defendant now ask that the presiding judge will grant or deny this motion within the next seven (7) days, so that she will have an opportunity to file a Writ of Mandamus to the D.C. Circuit judges, pursuant to Title 28 U.S.C. Section 1651.

## CONCLUSION

The defendant respectfully request that this motion be granted in the interest of justice and that her case be reassigned to another judge, who will be fair and impartial, because she fear for her freedom to be gain-slayed by judge Sullivan's abusive authority and a threat to "KID-NAP" her behind bars, due to the enforcement of bad provision of laws.

Respectfully submitted,

*Royanne M. Baker*

~~requires~~ This Court have sole discretion to grant this motion within a period of 7 days, so that Mrs. Baker will have reasonable time to file her own Pretrial Motions before her next court date.

Respectfully submitted,

ROXANNE MATHEWS-BAKER

Executed on this 17th, day of October, 2014.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true copy of my Motion To Proceed Pro se was hand deliver to the U. S. Assistant Attorney, Karle-Dee Clark, 555 4th Street, N.W., Washington, D.C., 20530, on this 17th, day of October, 2014.

- 13 -

