UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 13-305-22 (EGS) |
| | : | |
| BRITTANY FLOYD, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OF PRETRIAL ORDER REGARDING CONDITIONS OF RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the defendant's Motion for Modification of Pretrial Order Regarding Conditions of Release (Docket Item No. 481).  The government relies on the following points and authorities and any others made at a hearing on the defendant's motion.

**BACKGROUND**

The defendant was arrested on November 20, 2014 after a search warrant was executed at her home and law enforcement recovered what was later determined by a Drug Enforcement Agency ("DEA") forensic chemist to be a net weight of 203.4 grams of heroin hydrochloride (plus or minus 0.007 grams) in plastic bags in a tissue box in the bathroom area.  A Superseding Indictment was filed on November 21, 2013 charging the defendant and others in Count One with Conspiracy to Distribute and Possess With Intent to Distribute One Kilogram or More of Heroin, 500 Grams or More of Cocaine and 28 Grams or More of Cocaine Base, in violation of 21 USC §§ 846, 841(a)(1), (b)(1)(A)(i); (b)(1)(B)(ii) and 841(b)(1)(B)(iii).   At her initial appearance before Magistrate Judge Kay on November 21, 2013, the defendant was held without bond.  At

her detention hearing on November 26, 2013, the government's request for pretrial detention was denied and the defendant was released by Magistrate Judge Kay on Work Release/Halfway House Bond (Docket Item No. 63).  On February 7, 2014, Judge Ellen S. Huvelle, who was then assigned to this case, released the defendant from her earlier bond condition and placed her in the Pretrial Service Agency's High Intensity Supervision Program ("HISP") (Docket Item No. 127).

After the defendant was placed on HISP, she began accruing a lengthy series of infractions documented in numerous Pretrial Service Agency ("PSA") reports, including curfew violations, failures to timely report, failures to maintain her GPS device, and other violations too numerous to list herein.  In addition to incurring numerous infractions in HISP, the defendant was arrested on two occasions during the pendency of this case.  The first new arrest occurred on July 26, 2014 when the defendant was arrested and charged in Superior Court Case No. 2014CMD013207 with second degree theft and assault on a police officer.  The charges stem from an encounter at a retail store in which she and another defendant allegedly stole clothing items and shoes and physically assaulted a special police officer that tried to stop them.

On July 30 2014, this Court held its first hearing to address some of the alleged violations.  Although the PSA recommended revocation of the defendant's HISP, the Court provided the defendant with a series of warnings and ordered that she remain on HISP.  On September 8, 2014, the Court held another status hearing on the defendant's compliance and she was again allowed to remain on HISP.

On September 30, 2014, the defendant pled guilty before Magistrate Judge Facciola to a Superseding Information charging her with Conspiracy to Distribute and Possess with the Intent to Distribute a Detectable Amount of Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841

(b)(1)(C) (Docket Item Nos. 393, 405-409).[1]  The defendant's conditions of release were not modified on that date, although a PSA report was provided to Judge Facciola at the hearing informing him of two occasions on which the defendant had claimed her GPS device was destroyed late on a Friday, and then had been unmonitored for the entirety of both weekends until she reported to the PSA on the following Mondays to obtain a new GPS device.

On October 8, 2014, this Court held another hearing on the defendant's compliance with her release conditions.  The defendant was ordered to remain in HISP but she was placed on home confinement and sentenced to jail on the weekends (Docket Item No. 422).  At a status hearing on October 15, 2014, the defendant's release conditions were not modified.

On October 20, 2014, the defendant and her mother were arrested and charged in Superior Court Case No. 2014DVM002408 with simple assault.  The arrest stems from a domestic physical altercation the defendant and her mother had in their house with another female.

At a hearing on October 22, 2014, this Court revoked the defendant's bond.

## DISCUSSION

The defendant submits that her bond should be modified to permit her to be released pending sentencing, which is currently scheduled for December 19, 2014, because the judges in her two pending Superior Court cases have placed her on a $25 cash bond (Defendant's Motion at 2).[2]  In the government's view, the defendant has developed a disturbing pattern of failing to

---

[1]  As a condition of the plea agreement, the government agreed it would dismiss at sentencing the charges pending against the defendant in 2014CMD013207.

[2]  The dollar figures for the bond cited in the defendant's motion are inaccurate for one of her Superior Court cases.  The docket in 2014CMD013207 reflects that on October 27 2014, the Honorable Truman Morrison III placed the defendant on a $500 cash bond.  The docket in 2014DVM002408 reflects that on October 28, 2014, the Honorable Renee Raymond placed the defendant on a $25 cash bond.

comply with the release conditions in this case. The government respectfully submits that the defendant's cash bond status in her other cases should not be used as a basis to release her in the instant case given the long history of violations of the orders of the PSA and the Court that the defendant has incurred despite repeated warnings. Indeed, the judges in the defendant's Superior Court cases where she faces misdemeanor charges may very well have reasoned that a cash bond was appropriate in the cases before them because they thought the defendant would likely be held in this more serious District Court case given her history of violations and her new arrests. Thus, a nominal cash bond in the Superior Court cases permits the defendant to receive credit for time served in those cases even if she is incarcerated pending sentencing in this case. Moreover, regardless of the cash bond set in those Superior Court cases, they both remain pending and represent arrests incurred by the defendant during her pretrial release in this case.

The defendant has been given more than ample opportunity to demonstrate to this Court and the PSA that she can comply with release conditions and should therefore remain free pending sentencing in this case. At nearly every turn, she has not taken those opportunities seriously. In the government's view, the interests of safety and the community cannot be adequately preserved by her release prior to her sentencing.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the government respectfully requests that the defendant's motion be denied.

      Respectfully submitted,

      RONALD C. MACHEN JR.
      United States Attorney
      D.C. Bar No. 447-889


By:    /s/
      KARLA-DEE CLARK, D.C. Bar No. 435-782
      TODD GEE, D.C. Bar No. 495-001
      ZIA FARUQUI, D.C. Bar No. 494-990
      Assistant United States Attorneys
      555 4th Street, N.W., 4th Floor
      Washington, DC 20530
      (202) 252-7740 (Clark); (202) 252-7224 (Gee)
      (202) 252-7117 (Faruqui)
      Karla-dee.clark@usdoj.gov
      Todd.Gee@usdoj.gov
      Zia.Faruqui@usdoj.gov