UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.: 13-cr-305 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| **JUAN FLOYD, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court to issue a Protective Order with respect to certain materials to be produced to the defendants in this case pursuant to Rule 16 of the Federal Rules of Criminal Procedure. As grounds for this motion, the Government states as follows:

**A. Authorities**

The Court has the ability to regulate and issue protective orders of the parties' discovery through Federal Rule of Criminal Procedure 16(d). Specifically, Rule 16(d)(1) states that "[a]t any time the court may, for good cause deny, restrict, or defer discovery or inspection or grant other appropriate relief." See Fed. R. Crim. P. 16(d)(1); see also In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93, 122 (2d Cir. 2008) (noting that Rule 16(d) grants district courts the discretion to establish conditions "under which the defense may obtain access to discoverable information"). "As the party seeking a protective order, the Government bears the burden of showing good cause." United States v. Carriles, 654 F.Supp.2d 557, 565–66 (W.D. Tex. 2009). See also United States v. Lee, 374 F.3d 637, 652 (8th Cir. 2004) (applying "good cause" standard to Rule 16(d) analysis). The Government's interest in protecting an ongoing criminal investigation can establish good cause. See United States v. Smith, 985

1

F.Supp.2d 506 (S.D.N.Y. 2013) (ongoing criminal investigation was good cause to issue protective order); see also United States v. Valenti, 987 F.2d 708, 714 (11th Cir.) (affirming district court's refusal to unseal transcripts of in camera proceedings on the ground that it would damage continuing law enforcement investigations), cert. denied, 510 U.S. 907, 114 S.Ct. 289 (1993).

    B.  Background

On November 10, 2014, the United States Attorney's Office for the District of Columbia ("USAO-DC") advised the Court and the defendants that it was "preparing a detailed written disclosure for the Court and all defendants" in this case, related to an ongoing criminal investigation of a special agent of the Federal Bureau of Investigation. See Government's Status Report [ECF Document 536]. As the Court and the defendants are aware, the United States Attorney's Office for the Eastern District of Pennsylvania ("USAO-EDPA"), in conjunction with the Department of Justice's Office of the Inspector General ("DOJ-OIG") is conducting the criminal investigation of the agent's alleged misconduct. The USAO-DC is recused from that criminal investigation.

On November 17, 2014, the USAO-DC and the USAO-EDPA submitted a letter with attachments to the Court for the Court's ex parte, under seal, and in camera review (hereinafter, "Nov. 17 Submission"). See Notice of Submission [ECF Document 548]. Without describing its contents, an attachment to that submission was a proposed disclosure to the defendants, with proposed redactions (Attachment C to the Nov. 17 Submission), pursuant to a protective order. The instant motion seeks that protective order so that the USAO-DC can make the proposed disclosure and any additional disclosure that the USAO-DC may propose to the Court or that the Court may order related to the criminal investigation of the agent's alleged misconduct.

Therefore, in order to protect sensitive law enforcement information related to an ongoing criminal investigation, the Government requests that the Court enter a protective order, authorizing the Government to produce the proposed disclosure to the defendants, with the proposed redactions, pursuant to the requested protective order.  The Government requests that the Court place the following restrictions on the aforementioned disclosure and any additional disclosure that the USAO-DC may propose to the Court or that the Court may order related to the criminal investigation of the agent's alleged misconduct:

1. The attorneys for the defendants, and employees of such attorneys, may review and disclose materials produced pursuant to the requested protective order, to the defendants and such review and disclosure may occur only after the attorneys for the defendants advise the defendants of the prohibitions of the protective order, a violation of which may be punished as contempt;

2. The attorneys for the defendants, and employees of such attorneys, shall not release to the public materials produced pursuant to the requested protective order and shall not make additional copies of such materials without prior authorization of this Court;

3. The attorneys for the defendants, and employees of such attorneys, shall not permit the defendants' unsupervised possession or review of materials produced pursuant to the requested protective order;

4. Materials produced pursuant to the requested protective order are for use only in this case and are not to be disseminated or used for any other purpose.

WHEREFORE, the United States respectfully moves this Court to issue a Protective Order so that the USAO-DC can make the proposed disclosure and any additional disclosure that

the USAO-DC may propose to the Court or that the Court may order related to the criminal investigation of the agent's alleged misconduct.

                        Respectfully submitted,

                        RONALD C. MACHEN JR.
                        UNITED STATES ATTORNEY
                        D.C. Bar Number 447-889

By:

                        _____/s/_____
                        Todd Gee
                        Assistant United States Attorney
                        D.C. Bar Number 495-001

### CERTIFICATE OF SERVICE

On this 18th day of November, 2014, a copy of the foregoing and the attached proposed Order was served on counsel of record for the defendants via the Court's Electronic Filing System.

                        _____/s/_____
                        Todd Gee
                        Assistant United States Attorney