UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | : |
| | : |
| *v.* | : |
| | : Criminal No. 13-0305(1)(EGS) |
| **JUAN FLOYD,** | : |
| | : |
| *Defendant.* | : |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION FOR A PROTECTIVE ODER**

**DEFENDANT** Juan Floyd, by and through undersigned counsel, hereby respectfully submits his Opposition to the Government's Motion for a Protectice Order, and states as follows:

**FACTS**

The government filed its Motion (Doc. No. 550) seeking a protective order from this Court "with respect to certain materials to be produced to the defendants in this case pursuant to Rule 16 of the Federal Rules of Criminal Procedure." Mot. at 1. The stated purpose for the request is to "protect sensitive law enforcement information related to an ongoing criminal investigation." Mot. at 2.

The government's request proposes that four restrictions be placed on the material, including: a) warning defendant about the prohibitions of the protective order; b) that the defense not release to the public materials produced pursuant to the protective order and shall not make copies of the material without prior authorization of the Court; c) that counsel not permit the defendant's "unsupervised" possession of the material; and 4) that the material is for use in this case only and are not to be disseminated or used for any other purpose. Mot at 3.

The government's Motion is without merit and must be denied.

## ARGUMENT

Federal Rule of Criminal Procedure 16(d)(1) states that

> At any time the court may, for good cause shown, deny, restrict, or defer discovery and inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*. If the relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1). The granting of a protective order is left to the discretion of the trial court and the party seeking the protective order has the burden of showing that good cause exists for the issuance of that order. *See Gambale v. Deutsche Bank AG,* 377 F.3d 133, 142 (2nd Cir. 2004); *In re Terrorist Bombings in U.S. Embassies in E. Africa*, 552 F.3d 93, 122 (2nd Cir. 2008). The requested protective order at base seeks to restrict the dissemination of discovery material without any articulation for the need to do so. The government fails to show good cause and bases its broadside on the defense function on an unspecified and unfounded assertion that the disclosure of the material would somehow harm "sensitive law enforcement information related to an ongoing criminal investigation."

Good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on September 11, 2001,* 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006) (quoting *Shingara v. Skiles,* 420 F.3d 301, 306 (3rd Cir. 2005)). A finding of harm "must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 8 (1st Cir. 1986)); *see also United States v. Wecht,* 484 F.3d 194, 211 (3rd Cir. 2007) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." (internal quotation marks omitted)). "The nature of the showing of particularity,

however, depends upon the nature or type of protective order at issue." *United States v. Bulger*, 283 F.R.D. 46, 52–53 (D. Mass. 2012). Protective orders come in all shapes and sizes, "from true blanket orders (everything is tentatively protected until otherwise ordered) to very narrow ones limiting access only to specific information after a specific finding of need." *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 532 (1st Cir. 1993).

In *United States v. Barbeito*, 2009 WL 3645063, at *1 (S.D. W. Va. Oct. 30, 2009), the Court found that "it is appropriate ... to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants." *Id.* However, the *Barbeito* court noted that the risks present *in that case* was to informants *in that case*. Although the so-called risks were not specifically defined, at least there "appear[ed] to be allegations and evidence in the record already of efforts to harm informants by at least some of the defendants *in this case*." *Id.* (emphasis added).

### I. THERE IS NO BASIS TO RESTRICT THE MATERIAL

The government hides behind the unspecified and nonspecific need to protect sensitive law enforcement information related to an ongoing criminal investigation. Considering the government's representations to the Court on November 17, 2014, and what has already been widely published in the media we already know that:

  a) FBI Agent Matthew Lowry was found in September "apparently high on drugs, slumped over the wheel of his FBI car, allegedly with heroin and guns connected to drug cases." *Fed Prosecutor says more drug cases may be tossed due to FBI agent misconduct probe* (ABC7 website, Nov. 17. 2014; at http://www.wjla.com/articles/2014/11/fed-prosecutor-says-more-drug-cases-may-be-tossed-due-to-fbi-agent-misconduct-probe-109085.html). Even that basic fact has not

been disclosed to the defense by the government.

      b)      FBI agent Matthew Lowry took drugs from a crime lab. *FBI agent accused of using confiscated drugs* (22News website, Nov. 8, 2014, at http://wwlp.com/2014/11/08/fbi-agent-accused-of-using-confiscated-drugs/).

      c)      The FBI last month confirmed one of its special agents may have been involved in tampering with firearms, narcotics and other evidence. *Federal drug cases falter amid FBI misconduct probe* (The Washington Times Website, Nov. 6, 2014, at http://www.washingtontimes.com/news/2014/nov/6/federal-drug-cases-stall-amid-fbi-misconduct-probe/).

      d)      The government represented at the hearing on November 17 that Lowry was the only target of the investigation.

Thus, what is known at this time is that Lowry stole and use drug evidence and possessed weapons evidence and that he is the only one being investigated. More importantly, it is evident that Lowry knows he is being investigated. What sensitive law enforcement information related to Lowry's criminal investigation needs to be protected is, quite frankly, a mystery. The government's piecemeal disclosures and this request for a protective order smacks of a coverup of facts and information that may be embarrassing to the government and the FBI. The government itself recognized that it disclosed some information only after the press reported on the matter. Put another way, the government could not hide the secret any longer.

    **II.**    **THERE IS NO SHOWING OF A PARTICULAR NEED FOR THE PROTECTIVE ORDER**

Good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on September 11, 2001,* 454 F.Supp.2d at 222. The need to protect "sensitive law enforcement information related to an

ongoing criminal investigation is, at best, speculative.  There has been no particular showing of how the investigation will be harmed, whether any witness may be threatened or harmed; or whether any additional evidence will be destroyed.

### III.    THE PROPOSED ORDER WILL PREJUDICE THE DEFENSE

The restrictions requested by the government, if granted, will serve only to hamper counsel's work and will do nothing to achieve the protection sought by the government because the subject and subject matter of the investigation is already publicly known and because Lowry is the only target of the investigation.  The restrictions the government seeks are akin to a request to close a trial to the public and implicate Mr. Floyd's Sixth Amendment right to a public trial.  *See, e.g., Waller v. Georgia,* 467 U.S. 39 (1984).  The government's request is a direct assault on counsel's ability to zealously and effectively represent Mr. Floyd.

Additionally, court-imposed restrictions on discovery may not go so far as to restrict a defendant's right to meaningful communication with his attorney, *United States v. Lee,* 374 F.3d 637, 652 (8th Cir. 2004), nor may they abrogate the Government's duty to provide exculpatory evidence to a defendant, *United States v. Yousef,* 327 F.3d 56, 168 (2d Cir. 2003) (cited in *Barbeito*, at *1).  In this case, the government is believed to be delaying the production of *Brady* material pending resolution of its Motion.  The government should produce the *Brady* material immediately and without restriction.

### CONCLUSION

The government has failed to show good cause for a protective order.  Granting the government's motion on speculative and hypothetical grounds will severely hamper the attorney-client relationship and the ability of counsel to provide effective assistance.

**WHEREFORE**, for the foregoing reasons and any other that may appear to the Court, Mr. Floyd respectfully requests that the government's motion be **DENIED**.

Dated: Washington, DC
November 18, 2014

Respectfully submitted,

**BALAREZO LAW**

By: /s/
_____
A. Eduardo Balarezo
D.C. Bar # 462659
400 Fifth Street, NW
Suite 300
Washington, DC 20001
Tel: (202) 639-0999
Fax: (202) 639-0999
aeb@balarezolaw.com

*Counsel for Defendant Juan Floyd*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of November 2014, I caused a true and correct copy of the foregoing Defendant's Opposition to Government's Motion for a Protective Order to be delivered via ECF to the parties in this case.

/s/
_____
A. Eduardo Balarezo