UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 13-305-01 (EGS) |
| | : | |
| JUAN FLOYD, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM PROTECTIVE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia ("USAO-DC"), respectfully submits this response to the defendant's Motion for Relief from Protective Order filed on November 19, 2014. [ECF Document 557]. The government relies on the following points and authorities and any others that will be made at the hearing on the defendant's motion on December 1, 2014.

Because the basis for the Protective Order is the ongoing criminal investigation being conducted by the United States Attorney's Office for the Eastern District of Pennsylvania ("USAO-EDPA"), this pleading is being filed on its behalf. Counsel for the USAO-EDPA will be prepared to address the Court at the December 1st hearing.

## BACKGROUND

On November 10, 2014, the USAO-DC advised the Court and the defendants that it was "preparing a detailed written disclosure for the Court and all defendants" in this case, related to an ongoing criminal investigation of a special agent of the Federal Bureau of Investigation, Matthew A. Lowry. [ECF Document 536]. As the Court and the defendants are aware, the USAO-EDPA, in conjunction with the Department of Justice's Office of the Inspector General ("DOJ-OIG") is conducting the criminal investigation of Agent Lowry's alleged misconduct.

The USAO-DC is recused from that criminal investigation.

On November 17, 2014, the USAO-DC and the USAO-EDPA submitted a letter with attachments to the Court for the Court's ex parte, under seal, and in camera review (hereinafter, "Nov. 17 Submission"). [ECF Document 548]. Without describing its contents, an attachment to that submission was a proposed disclosure to the defendants, with proposed redactions (Attachment C to the Nov. 17 Submission), pursuant to a protective order.

On Monday, November 17, 2014, the Court conducted a status hearing for defendant Floyd, and five of his co-defendants, John Floyd, Maurice Mercer, Jeffrey Coachman, Brittany Floyd, and Mia Culbreth. Government counsel from USAO-DC and USAO-EDPA were present at the hearing and provided further information regarding the investigation of Agent Lowry's alleged misconduct in open court to the Court and defense counsel. In an ex parte, under seal and in camera hearing following the public hearing, counsel for the USAO-DC and USAO-EDPA discussed the Nov. 17 Submission.

In a public hearing later that same day, and in a subsequent Minute Order issued on November 18, 2014, the Court directed the government to file a proposed protective order in accordance with the discussion held on the record during the public status hearing regarding materials the government intended to provide defense counsel about the investigation of Agent Lowry. November 17, 2014, Transcript at 54-56. The Court further stated in the Minute Order its belief that "the government's standard protective order will provide an appropriate basis" for a protective order in this matter. In compliance with the Court's Order, the government filed a Motion for Protective Order and a proposed protective order later that same day. [ECF Document 550]. Approximately one hour later, the Court issued a modified

version of the Protective Order dated November 18, 2014 ("Protective Order"), finding that the government had demonstrated "good cause" for issuance of the order.[1]  That same evening, the USAO-DC made the disclosure to the defendants as had been proposed to the Court, pursuant to the Court's Protective Order.  A copy of the letter and redacted attachments provided to defense counsel pursuant to the Protective Order has also been provided to the Court.

On the evening of November 18, 2014, after the Court had signed the Protective Order, defendant Floyd filed an Opposition to the Government's Motion for Protective Order ("Opposition").  [ECF Document 551].  On November 19, 2014, the Court issued a Minute Order directing that the Protective Order shall remain "in effect temporarily," and that the Court would deem defendant Floyd's Opposition a motion for relief from the Protective Order issued by this Court.  The Court also authorized defendant Floyd to file a supplemental pleading by noon on November 19, 2014, making any additional arguments he may wish to make in support of his motion.  The Court scheduled a hearing on defendant Floyd's motion on December 1, 2014, at 12:00 p.m.

On November 19, 2014, defendant Floyd filed his supplemental pleading, styling it a Motion for Relief from Protective Order ("Motion").  [ECF Document 557].

## ARGUMENT

In his Opposition and Motion, defendant Floyd asks this Court to vacate the Protective Order it signed on November 18, 2014, because that order allegedly "impinges upon his right to a public trial guaranteed by the Sixth Amendment," was granted without a showing of good cause, is unnecessary because information concerning the ongoing investigation of Agent Lowry

---

[1] The Court's signed Protective Order, dated November 18, 2014, was filed on the docket in United States v. Juan Floyd, et. al. on November 19, 2014 [ECF Document 552].

is already in the public domain, and is prejudicial to the defense.  Opposition at 2; Motion at 3-5.  Because the defendant is incorrect on all counts, the relief he seeks should be denied.

First, defendant Floyd's Motion inaccurately conflates the government's request for a protective order with "a request to close trial to the public."  Motion at 2, 5.  A motion for a protective order under Federal Rule of Criminal Procedure 16(d) is not the equivalent of a request to exclude the public from trial, or anything close to it.  The Protective Order at issue is focused on the defense's handling of a limited subset of discovery produced in this case related to the USAO-EDPA's ongoing criminal investigation.  The government's need for the Protective Order is also temporary.  USAO-EDPA anticipates that its investigation of Agent Lowry will conclude well prior to any trial in this matter.

Moreover, while examining a protective order under Rule 16(d) does not eliminate First Amendment concerns, the existence of a protective order "confines First Amendment scrutiny, including defendant's right to disseminate the discovery material, to the framework of Rule 16(d)'s good cause requirement."  United States v. Bulger, 283 F.R.D. 46, 50 (D. Mass. 2012); see also United States v. Smith, 985 F.Supp.2d 506, 522-23 (S.D.N.Y. 2013); cf. United States v. Stevens, 2008 WL 8743218*5, *9 (D.D.C. Dec. 19, 2008) (denying government motion to file document under seal, but permitting disclosure of the document to the defense subject to the terms of a protective order).  Courts have repeatedly held, as this Court did on November 18, 2014, that the government's interest in protecting an ongoing criminal investigation satisfies Rule 16(d)'s good cause requirement even in the face of public right of access claims to the discovery material at issue.  See Smith, 985 F.Supp.2d 534-35; see also United States v. Valenti, 987 F.2d 708, 714 (11th Cir.) (affirming district court's refusal to unseal transcripts of in

camera proceedings on the ground that it would damage continuing law enforcement investigations), cert. denied, 510 U.S. 907 (1993).

Also unavailing is the defendant's assertion that the government's articulation of its need for the Protective Order in its written motion was conclusory and lacks specificity. Opposition at 2-3. Without discussing sealed matters,[2] suffice it to say that the Court was well aware of the basis for the government's request for a protective order prior to entering the Protective Order. In any event, to the extent necessary counsel for USAO-EDPA is prepared to delineate further the harm that public disclosure of that material could cause the ongoing criminal investigation.

Similarly unfounded is the defendant's claim that the Protective Order entered by this Court is unnecessary because some information concerning the USAO-EDPA's ongoing investigation is already in the public domain. Opposition at 3-4. As both the Court and counsel for the defense are now aware following the government's November 18, 2014, disclosure, the information in the discovery material concerning the investigation substantially exceeds what has been reported in the media.[3]

Finally, defendant Floyd's assertion that the Protective Order is prejudicial to his defense, is also incorrect. Opposition at 5. The Court's order does not "restrict" his "right to

---

[2] It was not improper for the Court to hold an ex parte hearing on November 17, 2014, to discuss the Nov. 17 Submission. Motion at 1-2. See In re S.F. Chronicle, No. 07–M–256, 2007 WL 2782753, at *2 (E.D.N.Y. Sept. 24, 2007); United States v. Mannino, 480 F.Supp. 1182, 1187 (S.D.N.Y.1979).

[3] If anything, recent media coverage demonstrates the necessity for a Protective Order in the first place. Without confirming or denying the accuracy of the reporting, the government observed yesterday that the media promptly reported on a defense counsel's statement about material that he received pursuant to the Protective Order. See Patrick Madden (@Patrick Madden), "New: Defense lawyer says agent took out 'evidence' from FBI office in Aug '13 but didn't submit for analysis until June '14," 20 November 2014, 1:37 p.m. Tweet.

meaningful communication with his attorney."  Id.  By its own terms, the Protective Order provides that "attorneys for the defendant, and employees of such attorneys, may review and disclose materials produced pursuant to this Protective Order with the defendants" once the defendant's counsel advises him of the prohibitions of the Protective Order.  Protective Order at 1-2.  Nor does the order "abrogate the Government's duty to provide exculpatory evidence" to the defendant.  Opposition at 5.  Indeed, if anything, this Court's issuance of the Protective Order has facilitated the government's disclosures to the defense concerning USAO-EDPA's investigation.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the government respectfully requests that the defendant's Motion for Relief from Protective Order be denied.

        Respectfully submitted,

        RONALD C. MACHEN JR.
        United States Attorney
        D.C. Bar No. 447-889

By:        /s/
        KARLA-DEE CLARK, D.C. Bar No. 435-782
        TODD GEE, D.C. Bar No. 495-001
        ZIA FARUQUI, D.C. Bar No. 494-990
        Assistant United States Attorneys
        555 4th Street, N.W., 4th Floor
        Washington, DC 20530
        (202) 252-7740 (Clark); (202) 252-7224 (Gee)
        (202) 252-7117 (Faruqui)
        Karla-dee.clark@usdoj.gov
        Todd.Gee@usdoj.gov
        Zia.Faruqui@usdoj.gov